(December 7, 1993)

■ In the Matter of ROBERT Z., an Infant. [605 NYS2d 29] — Order, Family Court, New York County (Jeffry Gallet, J.), entered April 3, 1992, which denied respondent father's application for a stay of the adoption proceeding of the child, Robert Z., and granted petitioner's application to adopt the child, is unanimously reversed, on the law and facts, and the matter is remanded for a hearing, without costs or disbursements.

Robert Z. was born on October 3, 1983 in Houston, Texas, out of wedlock. Respondent is listed as father on the birth certificate and the mother (in an affidavit) has admitted that respondent is the father. In 1984, custody of the then one and one-half year old boy was given to petitioner, the child's maternal great uncle, with the consent of the mother. Petitioner then brought the child to New York, and in an order of the Family Court, dated February 27, 1989, petitioner was granted custody of the child.

On March 5, 1990, a judicial consent to adoption was executed by the mother before a Texas Judge and petitioner commenced adoption proceedings on June 1, 1990. Respondent thereafter appeared, opposed the adoption, and cross-petitioned for paternity and custody.

The court informed respondent that he would be entitled to a "best interests" hearing only if he could obtain an order of filiation and show his efforts to locate the mother. Thereafter,

the Family Court, in the order appealed from, denied the motion for a stay on the grounds that respondent had not been adjudicated the father and had no standing to contest the adoption, that he did not establish that he would prevail in an abandonment proceeding, that he could not prevail in a "best interests" proceeding and thus did not have a meritorious case, and that respondent had no right to veto the adoption by withholding his consent. The court then granted the adoption petition.

Respondent should have been granted a hearing before the Family Court decided that he could not defend against a charge of abandonment. We find under the circumstances that by granting the petition and dismissing respondent's cross-petition without such a hearing, the court abused its discretion.

Pursuant to Domestic Relations Law § 111-a (2), persons having the right to notice in an adoption proceeding include, *inter alia:*

"(d) any person who is recorded on the child's birth certificate as the child's father * * *

"(f) any person who has been identified as the child's father by the mother in written, sworn statement".

Since respondent had been listed on the birth certificate and been identified by the mother in a sworn statement he was entitled to notice of the proceedings. Pursuant to Domestic Relations Law § 111 (1), consent to an adoption is required: "(d) Of the father * * * of a child born out-of-wedlock and placed with the adoptive parents more than six months after birth * * * if such father shall have maintained substantial and continuous or repeated contact with the child as manifested by: (i) the payment by the father toward the support of the child of a fair and reasonable sum, according to the father's means, and either (ii) the father's visiting the child at least monthly when physically and financially able to * * * and not prevented from doing so * * * or (iii) the father's regular communication with the child or with the person or agency having the care or custody of the child, when * * * prevented from [visiting] * * *. The subjective intent of the father, whether expressed or otherwise, unsupported by evidence of acts specified * * * manifesting such intent, shall not preclude a determination that the father failed to maintain substantial and continuous or repeated contact with the child. * * * [T]he court shall not require a showing of diligent efforts by any person or agency to encourage the father to perform the acts specified in this paragraph".

Domestic Relations Law § 111 (1) (e), declared unconstitutional in *Matter of Raquel Marie X.* (76 NY2d 387, *cert denied sub nom. Robert C. v Miguel T.,* 498 US 984), had required that a putative father of a child less than six months old must show that he had resided with the mother and child, held himself out to be the father, and paid reasonable and fair sums for medical and hospital expenses incurred relating to the child's birth to oppose adoption. While finding that the "living together" portion of the statute rendered it unconstitutional, the Court of Appeals set interim standards to determine the father's right of consent, including "his public acknowledgement of paternity" and the "willingness himself to assume full custody", "payment of pregnancy and birth expenses, steps taken to establish legal responsibility for the child, and other factors evincing a commitment to the child" *(supra,* at 408). These criteria are basically similar to those set forth in Domestic Relations Law § 111 (1) (d) above, which governs, in this case, where the father of a child more than six months old seeks to gain custody and to block the adoption of the child.

Respondent claimed he lived with the mother during her pregnancy and with both mother and child after the child's birth, contributed to pregnancy and maternity expenses, and supported the child. The mother, in an affidavit, denied this and stated the respondent never lived openly with her and the child. She also stated that the respondent never held himself out to be the father and never made any contributions toward the support of the child or medical and hospital expenses. The mother said that respondent never had regular communication with the child, although not prevented from seeing him, and that respondent left Texas soon after the child's birth and had no contact with him thereafter. Respondent, however, asserted that the mother's allegations were false. He admitted that he had moved to Illinois from Texas, but contended that he was prevented from maintaining contact with the child by the mother and her family. He also stated that he was always prepared to support the child and would have visited if he had known the child's whereabouts.

It has been held that an unwed father who manifested significant and continuous interest in his child, but was prevented from implementing such interest would retain his right to a continued parental relationship *(see, Matter of Raquel Marie X., supra,* at 408-409). A hearing was therefore necessary for the Family Court to make a determination

between these disparate and contradictory assertions of the parties, and we reverse and remand for such a hearing.

We have examined the remaining contentions of respondent and find them to be without merit. Concur—Murphy, P. J., Carro, Ross and Asch, JJ.